## GEORGE GEE v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 29, 1912.

Nos. 17,795—(107).

**Verdict sustained by evidence.**
> In this, a personal injury action, it is *held* that the evidence sustains the verdict, and that there was no error in the instructions to the jury.

Action in the district court for Yellow Medicine county to recover $10,000 for an assault and injuries received by being thrown

[1] Reported in 138 N. W. 684.

from a moving freight train. The answer alleged that plaintiff, with other men, without a ticket, jumped upon a train while it was in motion and assaulted defendant's brakeman, who thereupon defended himself and pushed plaintiff from the train while it was moving slowly; that plaintiff immediately jumped upon the train and assaulted the brakemen a second time and while defending themselves one of the brakemen fell from the train a second time. The reply was a general denial. The case was tried before Powers, J., and a jury which returned a verdict in favor of plaintiff for $1,000. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*Winsor & Keith, M. L. Countryman* and *W. L. Clift,* for appellant.

*Bert O. Loe* and *Daly & Barnard,* for respondent.

BUNN, J.

This is an action to recover for personal injuries received by plaintiff in being pushed from a flat car on which he was riding, by brakemen in defendant's employ. Plaintiff had a verdict for $1,000. Defendant appeals from an order refusing a new trial.

The questions here are as to the sufficiency of the evidence to sustain the verdict and as to alleged errors in the charge.

Plaintiff, a gentleman of color, with two companions, boarded a flat car in a freight train of defendant as it was leaving the station of Cottonwood. Their story is that a brakeman demanded money of plaintiff, and upon his pleading inability to pay, shoved him from the car. Plaintiff caught on a box car two cars in the rear, walked over the tops of the intervening cars, and came down the ladder to the flat car. He claimed that he was returning to recover his hat. He and one of the brakemen grappled, and in the altercation both fell from the car. It was the claim of plaintiff's witnesses that the brakeman was the aggressor, that plaintiff was only bent on recovering his hat, and not looking for trouble. Defendant, in its answer, claimed the plaintiff assaulted the brakeman, but we find little, if any, evidence to sustain this claim. A careful reading of the evidence convinces us that the verdict has such support that we cannot

say that it was an abuse of discretion to deny a new trial. We are not impressed with the probability of the story told by plaintiff and his companion who testified; they were clearly trespassers, and some degree of force was justified on the part of the brakeman. But the evidence is such that the question was clearly for the jury, and we find no ground upon which we can logically disturb the verdict, after the trial court has approved it.

It was not error to instruct the jury that the duty of defendant applied to both instances when plaintiff went off the car. The claim that plaintiff's cause of action was based alone on the second encounter with the brakeman is not sustained by an examination of the complaint.

It is urged that it was error to ignore in the instructions the issue of assault and self-defense raised by the answer. It is doubtful if there was any evidence that would warrant the submission of this issue to the jury. The trial court did instruct the jury: "But, if you find on the other hand that it was merely an accident, or that he was not so injured by the wrongful act or acts of the defendant, you would find a verdict in favor of the defendant." No exception was taken to the charge at the trial, and there was no request for an instruction submitting the question of self-defense. If defendant was not satisfied with the instruction above quoted, it was its duty to request a more specific one, or at least to call the attention of the trial court to any inaccuracy or insufficiency in the instruction given.

Order affirmed.

Holt, J., (dissenting).

I dissent. Plaintiff was violating two criminal statutes the second time he boarded defendant's train (Sections 5026 and 5178, R. L. 1905). He passed over two box cars to reach the brakeman who had just pushed him off the flat car. The two grappled, and in the struggle both fell from the moving train. There is nothing to show that this outcome was intended by the brakeman. It seems to me that there should be no recovery, in view of plaintiff's deliberate violation of the law, unless the brakeman acted in wanton disregard of plaintiff's rights, and this the evidence fails to show.